**IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION**

CHRISTINE ADAMS,
an individual,

      Plaintiff,

v.

ZAKHEIM & LAVRAR, P.A.,
a Florida profit corporation,

      Defendant.

_____/

Case No.: 14-005094-CO

**VERIFIED COMPLAINT**

**COMES NOW**, Plaintiff, CHRISTINE ADAMS (hereinafter, "Plaintiff"), by and through the undersigned counsel, and sues Defendant, ZAKHEIM & LAVRAR, P.A. (hereinafter, "Defendant"). In support thereof, Plaintiff states:

**PRELIMINARY STATEMENT**

This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Fair Debt Collection Practices Act, 15 United States Code, Section 1692a, *et seq.* (hereinafter, the "FDCPA").

**JURISDICTION, VENUE & PARTIES**

1.    This is an action for damages that exceeds $5,000.00 and is less than $15,000.00, exclusive of attorneys' fees and costs.

2.    Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Section 559.77 and 15 United States Code, Section 1692k(d).

3.    At all material times herein, the conduct of Defendant, complained of

below, occurred in Pinellas County, Florida.

4.     At all times herein, Plaintiff is an individual residing in Pinellas County, Florida.  Plaintiff is also a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(2) and 15 United States Code, Section 1692a(3).

5.     Defendant is a for-profit corporation existing under the laws of the State of Florida that, itself and through its subsidiaries, regularly collects debts due to another in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6.     At all times herein, Defendant was a "debt collector" as defined by 15 United States Code, Section 1692a(6) and Florida Statutes, Section 559.55(6).

7.     Defendant used interstate mail while engaging in a business the principal purpose of which is the collection of debts allegedly due another.

8.     Defendant is an entity who regularly collects, or attempts to directly or indirectly collect, debts owed or due, or asserted to be owed or due, another.

9.     At all times herein, Defendant attempted to collect a debt, including but not limited to, an H.H. Gregg consumer credit card referenced by account number ending in -5720 (hereinafter, the "Debt").

10.    At all material times, the Debt was consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household or family use.

11.    At all material times, the Defendant was a "person" subject to Florida Statutes, Section 559.72.  *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

12.    At all times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5) and 15 United States Code, Section 1692a(2).

13.    At all times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

14.    All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

15.    Plaintiff retained Leavengood, Dauval & Boyle, P.A. (hereinafter, "Undersigned Counsel"), with regard to her debts generally, including the Debt.

16.    On or about August 22, 2013, Defendant's employee or representative "AJ" (hereinafter, "AJ") contacted Undersigned Counsel's office in order to verify Undersigned Counsel's representation of Plaintiff with regard to the Debt. Undersigned Counsel confirmed its representation of Plaintiff, confirmed Undersigned Counsel's contact information, and advised that all future communication with regard to the Debt must be directed to Undersigned Counsel's office.

17.    Sometime after the immediately above-referenced telephone call, on August 22, 2013, despite having actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt, possessing Undersigned Counsel's contact information, and having been advised that all future communication with regard to the Debt be directed to Undersigned Counsel's office, Defendant's employee or representative AJ called Plaintiff, from telephone number 954.735.4455 ext. 2142, in an

attempt to collect the Debt.

18.     On the immediately above referenced telephone call, AJ informed Plaintiff that he had spoken with Undersigned Counsel regarding its representation of Plaintiff with regard to the Debt, yet was calling to secure payment as a bankruptcy case had not yet been filed.

19.     Plaintiff has retained Undersigned Counsel for the purpose of pursuing this matter against Defendant and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

20.     Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

21.     United States Code, Title 15, Section 1692k(a)(2)(A) provides for the award of up to $1,000.00 statutory damages, and an award of attorneys' fees to Plaintiff, should Plaintiff prevail in this matter against Defendant.

22.     As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

## COUNT ONE:
### UNFAIR DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiff re-alleges paragraphs one (1) through twenty-two (22) as if fully restated herein and further states as follows:

22.    Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(18) by intentionally communicating with Plaintiff after being given actual notice that Plaintiff was represented by legal counsel with regard to the underlying Debt.

23.    Specifically, despite calling Undersigned Counsel's office earlier in the day on August 22, 2013, verifying Undersigned Counsel's representation of Plaintiff with regard to the Debt, confirming Undersigned Counsel's contact information, and having been advised that all future communication with regard to the Debt must be directed to Undersigned Counsel's office, Defendant directly called Plaintiff, later that same day, in an attempt to collect the Debt.

24.    Further, during the immediately-aforementioned telephone call, Defendant's employee or representative AJ acknowledged that he had already made contact with Undersigned Counsel to verify representation of Plaintiff with regard to the Debt prior to the call with Plaintiff.

25.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

WHEREFORE, Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT TWO:
### FAIR DEBT COLLECTION PRACTICES ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1692c(a)(2)

Plaintiff re-alleges paragraphs one (1) through twenty-two (22) as if fully restated herein and further states as follows:

26.    Defendant is subject to, and has violated the provisions of, 15 United

States Code, Section 1692c(a)(2) by communicating with Plaintiff despite Defendant having actual knowledge that Plaintiff was represented by Undersigned Counsel and possessing knowledge of Undersigned Counsel's contact information.

27.     Specifically, despite calling Undersigned Counsel's office earlier in the day on August 22, 2013, verifying Undersigned Counsel's representation of Plaintiff with regard to the Debt, confirming Undersigned Counsel's contact information, and having been advised that all future communication with regard to the Debt must be directed to Undersigned Counsel's office, Defendant directly called Plaintiff, later that same day, in an attempt to collect the Debt.

28.     Further, during the immediately aforementioned telephone call, Defendant's employee or representative AJ acknowledged that he had already made contact with Undersigned Counsel to verify representation of Plaintiff with regard to the Debt prior to the call with Plaintiff.

29.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper or electronic documents or data—pertaining to this potential litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

*/s/ Aaron M. Swift*
☐ **Ian R. Leavengood, Esq., FBN 0010167**
[X] **Aaron M. Swift, Esq., FBN 0093088**
☐ **G. Tyler Bannon, Esq., FBN 0105718**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
tbannon@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA            )
                            )
COUNTY OF _Pinellas_        )

Plaintiff CHRISTINE ADAMS, having first been duly sworn and upon oath, deposes and says as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe
    that all of the facts contained in it are true, to the best of my knowledge, information and
    belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law
    or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to
    harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a
    needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.  Each and every exhibit which has been attached to this Complaint, if any, is a true and
    correct copy of the original.

7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have
    not altered, changed, modified, or fabricated any exhibits, except that some of the
    attached exhibits, if any, may contain some of my own handwritten notations.

_____
CHRISTINE ADAMS

Subscribed and sworn to before me
this _24_ day of _June_, 2014.

_____
Notary Public

My Commission Expires: _5-17-17_

Proof of I.D.: _Personally Known_

TEIAH KAY HESTER
Notary Public - State of Florida
My Comm. Expires May 17, 2017
Commission # EE 874145